UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN A. BARNES, III,

       Plaintiff,

v.                 Case No. 25-cv-1495-pp

MANITOWOC COUNTY JAIL, *et al.*,

       Defendants.

---

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

---

  Plaintiff John A. Barnes, III, filed this lawsuit alleging violations of his civil rights. Dkt. No. 1. On December 29, 2025, the court screened the complaint under 28 U.S.C. §1915A and determined that it did not state a claim. Dkt. No. 8. The court gave the plaintiff an opportunity to file an amended complaint regarding his allegations that Manitowoc County Jail staff did not provide him with a Satanic Bible. Id. at 8. The court said that if the plaintiff did not file an amended complaint by January 23, 2026, it would dismiss the case based on the plaintiff's failure to state a claim in the original complaint and would issue him a strike as required by 28 U.S.C. §1915(g). Id. at 9-10.

  On November 3, 2026, the court had received from the plaintiff a notice of change of address, stating that he was released from the Manitowoc County Jail and listing the Aspen Center (a treatment center in Waukesha, Wisconsin) as his current address. A month ago, the court sent its December 29, 2025 order to the plaintiff at the Aspen Center; it has not been returned to the court

1

as undeliverable, so the court has no reason to believe that the plaintiff did not receive the order.

The January 23, 2026 deadline has passed and the court has not received an amended complaint from the plaintiff. As it said it would do in its previous order, the court will dismiss the case.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The clerk's office will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying

2

Case 2:25-cv-01495-PP    Filed 01/30/26    Page 2 of 3    Document 10

the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

3

Case 2:25-cv-01495-PP   Filed 01/30/26   Page 3 of 3   Document 10